UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Martha Mullen

Plaintiff(s)

v.

Edward J. Kissell

Defendant(s)

Originals Signature

Case No. TBD 1-18

MOTION TO/FOR Ex Parte : Family Therapist, Parenting Plan, permanent Restraining Order remains in place, Federal Court to affirm Mother's Home-School (explanation of motion) existing 2014:0825 Parenting Plan.

FEMA - Federal Emergency : Constitutional Right to Federal Cts Intervention
EXPARTE : Present Order : Suspending any in-person proceedings - Plaintiff has been alienated from minor children.
COVID -19 : RSA 461-A (1-2Le) - My minor son

Enter text of motion using numbered paragraphs (explain what you want the court to do). The field will expand as you type.

Date: 3/17/20    Rape Rpt. 11/11/19 Manchester PD, SB) has asthma/vulnerable to Corona Virus.
NO Limitations Rpt. 508)    Elderly Grandmother at present

Signature Martha Mullen    @ 150 Wallace Road. exacerbates
Martha Mullen    3/17/20    Susceptibility to my minor children.

MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

☑ I have attached a supporting memorandum of law to this motion.

☐ I have NOT attached a memorandum of law because none is required (explain your reasoning below).

- Supreme Ct. already affirmed lower Cts.
Order of Family Therapist, Parenting Plan,
- Seeking Li Owen Due Implementation Parenting Plan
- I am a fully certified Teacher / CCD-Teacher
- I want to Home-School at 91 Mountain Road Concord, NH 03301

CONCURRENCES SOUGHT

DISTRICT OF NH
FILED
2020 MAR 17 P 4:01
24 HOUR DEPOSITORY

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

☐  All parties have assented/agreed to this motion.

☐  I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

☑  I have NOT attempted to obtain concurrence/agreement because it is not required. *Permanent Restraining Order 173-B Seeking Parenting-Plan enacted Affirmed 2014:0825 Now, Overdue, Illegal Alienation.*

CERTIFICATE OF SERVICE

I hereby certify that this motion was served on the following persons on the date and in the manner specified below:

| | |
|---|---|
| Person(s) served electronically (via ECF): | |
| Person(s) served by mail. Please include address(es): | |
| Person(s) served by hand: | |

Date of Service: 3/17/20

Signature: _(signature)_

Name:

Address: 91 Mountain Road East Concord, NH

Phone:

Email: mullenmartha7@gmail.com

USDCNH-101 (Rev. 2/26/13)

EXPERT WITNESS - TO COURTS + Catholic Tribunal

To: Whom it may concern

From: Dr. James Nicholls

Date: 12/22/19

Re: Martha Kissá

DISTRICT OF NH
2020 MAR 17 P 6:17
24 HOUR DEPOSITORY

This is to clarify that Martha does not have a mental illness. She does not have a personality disorder.

Results of my Psychological Evaluation of 12/13

Should you have any questions please contact me.

3/17/20

12/30/19

3



Fed. Ct. (Rule 24) 2020: TBD

Circuit –Family Division – Concord
In the Matter of Edward Kissell and Martha Kissell
Docket Number 629-2012-DM-00596

Raped = Permanent Restraining ob of / of Law

Attachment to Parenting Plan

The Court has awarded Edward Kissell primary residential responsibility for the parties to children: EJ and Grace. The Court wants Martha Kissell to have reasonable and liberal parenting time as soon as it is appropriate. The Court has issued a lengthy Order explaining the concerns about Martha Kissell's parenting time being unsupervised at this time. It was the Court's sincere hope that this issue would have been resolved a long time ago, but for circumstances beyond the control of the Court, that did not happen. Looking forward, the Court hopes that everyone will cooperate with the professionals working in this case so that Martha Kissell can promptly get on a path to having regular unsupervised liberal parenting time with her children

Now 2020

3/17/20



Illegal Alienation

2019:TBD

Intake
*Appointment scheduled by mom, Martha on 7/20/15.

Assessment 2 hr duration

The Mental Health Center of Greater Manchester

Edward Julius Kissell III

Appointment with Sandi Luiz

Thursday 8/20/15 8:45 am arrival
Date                    Time

To change your appointment please call one day in advance.

2nd Flr 1228 Elm Street, Manchester, NH 03101
603.668.4111     www.mhcgm.org

INTAKE DONE

Atty. Boehm/Wright
Interference
Final Order · Atty. Boehm (No longer a GAL in NH due to similar behavior) From Judge Sadler
Resvt-Supreme Ct. Discipline

2014:08Z5 °
Family ORDER
Therapist Alienation 4-Y/rs = Blocks my attempt to have Family Therapist
Not Followed
Alienation - Cancelled by Boehm/Kissell Wright/Rowland

5

*Not Expedited 3 years Late*

*2019*

THE STATE OF NEW HAMPSHIRE
6TH CIRCUIT -FAMILY DIVISION-CONCORD

*DISTRICT OF NH*
*FILED*
*2020 MAR 17 P 6:18*

Docket No. 629-2012-DM-0396

In the Matter of Edward Kissell and Martha Kissell

*24 HOUR DEPOSITORY*
*Misapprehended!*
*426 A; 1-26  (20*

## EMERGENCY EXPEDITED MOTION TO ADOPT PARENTAL ASSESSMENT PARENTING SCHEDULE IMMEDIATELY AND FOR FURTHER RELIEF

NOW COMES Martha Kissell, by and through her attorneys Steiner Law Office, PLLC, and

moves for this court to adopt the parenting schedule immediately proposed in the recently

completed Parental Assessment (filed herewith), and in support states as follows:

1   The court has repeatedly stated in prior orders that upon completion of the Parental Assessment (the "Assessment") it is to be given "priority" in being presented to the marital master. Dr. Denise Leville completed it September 16, 2014.  Most recently, the court reiterated it in its order of August 27, 2014, at 2 ("issue concerning Martha Kissell's relationship and parenting time with her children should take priority. . . .").

2.  **The recommendation as to parenting provides for a period beginning immediately <u>with unsupervised day visits</u> on Wednesday afternoon until 7:00 p.m. and 9:00 a.m. on Sunday until 6:00 p.m. with all exchanges at the Bedford Police Station.  <u>Martha asks that the court enter that order to begin Wednesday, September 24, 2014</u>.**

3.  The Parental Assessment, at 32 pages, is comprehensive, detailed, and professional. It includes criticism of the interaction by Martha with Dr. Gallant that has been the subject of recent motions attempting to divert focus from the divorce (and parenting) process.

4.  Dr. Leville offers to continue as the "family therapist," which the court is asked to adopt.

*Illegal Alienation K 2020 2017-2020*

5.  The Assessment reports substantial admissions from Mr. Kissell regarding his alienation of the children from their mother, Assessment, at 8 and 11, 27-28 and admissions directly from the children about their father's efforts to alienate them emotionally from their mother, Assessment, at 23-25. These admissions implicate directly the standards set forth in *In re Miller*, 161 N.H. 630 (2011).

6.  As the supreme court has stated, in *In re Miller*, 161 N.H. 630 (2011):

    "Across the country, the great weight of authority holds that conduct by one parent that tends to alienate the child's affections from the other is so inimical to the child's welfare as to be grounds for a denial of custody to, or a change of custody from, the parent guilty of such conduct." *Renaud v. Renaud*, 168 Vt. 306, 721 A.2d 463, 465-66 (1998). "[A] child's best interests are plainly furthered by nurturing the child's relationship with both parents, and a sustained course of

*3/17/20*

*3/17/20*

conduct by one parent designed to interfere in the child's relationship with the other casts serious doubt upon the fitness of the offending party to be the custodial parent." *Id.* at 466. As we have recognized, "the obstruction by a custodial parent of visitation between a child and the noncustodial parent may, if continuous, constitute behavior so inconsistent with the best interests of the child as to raise a strong possibility that the child will be harmed." *Webb v. Knudson*, 133 N.H. 665, 673, 582 A.2d 282 (1990); *see also In the Matter of Kosek & Kosek*, 151 N.H. 722, 728, 871 A.2d 1 (2005).

*Id.* at 641.

7. Martha Kissell asks that in implementing the parenting time, immediately, that the court consider further the issue of legal and residential custody at a final hearing on the merits of this case, as scheduled, as Martha Kissell would appear to be the more proper parent to exercise both legal and residential custody of the children.

WHEREFORE, Martha Kissell respectfully requests that the court:

A.    Implement to begin September 24, 2014 the unsupervised parenting time for Martha Kissell with her children, as proposed in the Parenting Assessment; and

B.    Grant such other and further relief as is just and proper.

Respectfully submitted,

Martha Kissell

By Her Attorneys

STEINER LAW OFFICE, PLLC
30 Oakmont Dr.
P.O. Box 3722
Concord, NH 03302-3722
(603) 345-6440

Date: September 19, 2014          By: _____
                                       R. James Steiner, Esq.
                                       N.H. Bar No. 4143

CERTIFICATION

I hereby certify on this 19th day of September 2014 a copy of the foregoing was delivered in hand to Lenora Boehm, Esq.'s office, and to Judy Roman, Esq.'s office.

_____
R. James Steiner, Esq.

THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS                              6TH CIRCUIT -FAMILY DIVISION-CONCORD

Docket No. 629-2012-DM-0596

In the Matter of Edward Kissell and Martha Kissell

**MOTION TO ALLOW DR. NICOLLS AS AN EXPERT AND HIS REPORT**

NOW COMES Martha Kissell, by and through her attorneys Steiner Law Office, PLLC, and moves for the court to allow Dr. Nicolls to serve as an expert in this case with regard to Martha Kissell's mental health, and in support states as follows:

1.    For unknown reasons, no disclosure had been provided earlier in the case (through prior counsel) on behalf of Martha Kissell as to Dr. Nicolls though his report had been provided to Mr. Kissell and Mr. Kissell's attorneys, and the GAL, many months ago.

2.    Dr. Nicolls continues to meet and treat with Martha Kissell.

3.    The trial is not yet even scheduled.

4.    New issues have come up as to parenting that require expert testimony to address false and misleading allegations leveled at Martha Kissell, all made without substantiation or expert testimony previously.

5.    Martha Kissell agrees that counsel for Edward Kissell may depose Dr. Nicolls as to his opinions, and given that no trial date exists, there is no prejudice to Dr. Nicolls serving as an expert on behalf of Martha Kissell, and his testimony and opinion will certainly be of aid to the court on the substantial issue of Martha Kissell's ability to parent her children in an unsupervised setting.

WHEREFORE, Martha Kissell respectfully requests that the court:

A.    Grant her request to have Dr. Nicolls as her medical expert;

B.    Allow him to testify as to his opinions based on his treatment;



C.    Authorize that counsel for Edward Kissell may depose Dr. Nicolls up to 30 days prior to trial commencing; and

D.    Order such other and further relief as if just and proper.

2020 MAR 17 P 6: 18

24 HOUR DEPOSITORY

Respectfully submitted,

Martha Kissell

By and through Her attorneys,

STEINER LAW OFFICE, PLLC
30 Oakmont Dr.
P. O. Box 3722
Concord, NH  03302-3722
(603) 345-6440

Date: 1/24/14

R. James Steiner
N.H. Bar #4143

3/17/20

## CERTIFICATE OF SERVICE

I, R. James Steiner , hereby certify that on January 24, 2014, I sent by email, and first class mail, postage prepaid, a copy of the pleading to Attorney Wright and Attorney Roman, counsel of record.

R. James Steiner

9



DISTRICT OF NH

2020 MAR 17 P 6: 18

*GAL Pathological Liar*

Guardian *ad Litem* told the Court that the children are doing terrific in their Bedford school, — *Remove Roman*

*Flunking Academic Subject Areas:*



Roots of Thought AB — Rm:

| | F 65 | F 65 | 0 | 0 |

3/19/20

| S4(A) **Pre-Algebra 8** - 19-20 | Q1 | Q2 | Q3 | Q4 | Y5 |
|---|---|---|---|---|---|
| Standards | -- | -- | -- | -- | -- |
| PREA8.M Mechanics | -- | -- | -- | -- | -- |
| PREA8.P Problem Solving | -- | -- | -- | -- | 4 |
| PREA8.SME Engagement/Preparedness | 4 | -- | -- | -- | 3 |
| PREA8.SMH Work Completion | 3 | -- | -- | -- | -- |
| PREA8.SMC Conduct | -- | -- | -- | -- | 50 |
| PREA8.F Progress Assessments | 50 | -- | -- | -- | |

*Paid Zero Alimony Yet saved Money* *Financial Savings for Perpetrator Living in Parents Home — No commute gas costs to Central High School*

*10*

*Collusion w/ GAL Roman Pathological Liar*

It appears that the children are doing excellent in their new school. The Court was told that with all the financial pressures put on Edward Kissell due to this litigation, his moving in with his parents and renting the marital home was the best option for him financially. The Court is not requiring that he remove the tenants from the house in Concord, move back to Concord, and re-enroll the children in the schools in Concord, where they were having difficulties. However, Edward Kissell is restrained from renewing the lease on the marital home without the written approval of Martha Kissell or the advanced approval of the Court.

*Remand/Reverse*

① Dr. Nicholls| Dr. Moulton| Dr. LeVille
*Former Dir. RiverBend* ; "None of these providers see
any reason" – *p. SEEK*
(for Supervised time) *2020 MARCH P Custody*

*Violation: Creepy Voyeurism? Boehm/Wright* *Tory*

#6. Attach a copy of your counseling records with any other mental health professional that you have seen or been treated by within the past twenty-four (24) months.

The Respondent objected to each of the above requests by stating the following:

"Objection, the questions would invade the physician/patient privilege"

8. Currently pending before the Court is the Respondent's request to modify her supervised parenting time with the parties' minor children to one less restrictive. That motion is currently scheduled to be heard on September 9, 2013. Pursuant to her motion, the Respondent in paragraph 13 states the following: *Dr. Moulton| Dr. Nicholls| Dr. LeVille = Aware of Rape* *Court Appointed Expert Witnesses) Accepted Court Experts)*

"However, Respondent is currently having regular contact with three mental health professionals, and has been doing so for a few months now. All of Respondent's mental health professionals are surprised to hear from Respondent that Respondent is not allowed unsupervised parenting time with her own children. None of these providers sees any reason for Respondent to have supervised parenting time. There is nothing wrong with Respondent mentally that poses any threat to the parties' children. Respondent is not a physical nor an emotional threat to these children." *Affirmed 2014:0825 by Supreme Court.*

Said assertion on the part of the Respondent waives her physician/patient privilege.

9. On September 6, 2013 Respondent's counsel indicated his intention to call James Nichols as an expert witness at the September 9, 2013 hearing. *(Already submitted Psychological Evaluation to Federal Ct.) Dr. James Nichols)*

*Positive*

*3/17/20*

503.06 Violations
RSA Ch. 426:A -1-24 Best Interests'
Alienation - Lack Of

DISTRICT OF NH
2020 MAR 17 P6:18
24 HOUR DEPOSITORY

Family Therapist as

Affirmed in Final Order;
Supreme Court 2014: 0825

The GAL and Dr. Gallant then each accuse the other of not communicating after messages have

been claimed to have been left with each. (503.06) Sanction/Removal GAL Roman,
not followed 5 yrs. later

3/17/20

3/17/20

IL





# STATE OF NEW HAMPSHIRE

# SUPREME COURT OF NEW HAMPSHIRE

## ORDER SUSPENDING IN-PERSON COURT PROCEEDINGS

Following the Governor's March 13, 2020 declaration of a State of Emergency under RSA 4:45, and pursuant to the emergency powers granted under RSA 490:6-a, New Hampshire Supreme Court Senior Associate Justice Gary E. Hicks makes the following orders to respond to the COVID-19 pandemic.

1.     The New Hampshire Circuit, Superior and Supreme Courts will remain open on a restricted basis, consistent with the Judicial Branch's obligation to mitigate the risks associated with COVID-19.

2.     Subject to the exceptions in paragraph 4 below, **all in-person proceedings in the Circuit, Superior and Supreme Courts are suspended from close of business on Monday, March 16, 2020 through April 6, 2020**.

3.     Unless renewed or explicitly revoked beforehand, this order shall remain in effect until 8:00 a.m. on April 7, 2020.

4.     Exceptions to suspension of in-person court proceedings include, but are not limited to:

- Proceedings necessary to protect constitutional rights of criminal defendants, including bail-related matters and plea agreements for incarcerated individuals.
- Requests for orders of protection for domestic violence under RSA 173-B, stalking under RSA 633:3-a and juvenile abuse under RSA 169-C:7-a, and hearings on such orders.
- Requests for child-related emergency orders in divorce/parenting cases under RSA 461-A and hearings on any emergency relief ordered.
- Division for Children, Youth and Families' requests for emergency orders, hearings on such orders, and adjudicatory hearings in RSA 169-C cases if children are in out-of-home placement.
- Requests for detention or placement of a juvenile under RSA 169-B and adjudicatory hearings in RSA 169-B cases in which the juvenile is detained or in an out-of-home placement.

3/17/20

DISTRICT OF NH
FILED
2020 MAR 17 PM 12: 18
24 HOUR DEPOSITORY

- Requests for placement of a juvenile under RSA 169-D and adjudicatory hearings in RSA 169-D cases in which the juvenile is in an out-of-home placement.
- Proceedings related to petitions for temporary emergency injunctive relief.
- Proceedings related to emergency mental health orders, including Involuntary Emergency Admission and Involuntary Admission (probate commitment) proceedings under RSA 135-C.
- Requests for emergency orders in minor guardianship cases under RSA 463 or guardianship over incapacitated persons under RSA 464-A, and hearings on such orders.
- Requests for emergency relief under RSA 540-A in landlord/tenant matters and hearings on such orders.
- Proceedings directly related to the COVID-19 public health emergency.
- Other exceptions as approved by the Senior Associate Justice.

*Grandmother causing Peril to Minor's Health*

5.      The presiding trial judge, or her or his designee, in each court is authorized to determine the extent and manner in which in-person court proceedings for the exceptions listed above are to be conducted and may determine that such hearings are to be conducted telephonically.

6.      The Chief Justice of the Superior Court and Administrative Judges of the Circuit Court may determine, based upon staffing levels or other factors, that hearings in individual cases subject to the exceptions indicated above be conducted at court locations other than those at which they would normally occur or be conducted by video or by telephone.  Any statutory restrictions on venue are hereby suspended for the duration of this order.

7.      Any permitted in-court proceedings shall be limited to attorneys, parties, witnesses, security officers, and other necessary persons, as determined by the trial judge.

8.      Judges are charged with the responsibility of ensuring that core constitutional functions and rights are protected.  Additionally, clerks of court are charged with ensuring that core constitutional and safety-related court functions continue.  Nevertheless, all judges and court clerks are urged to limit in-person courtroom contact as much as possible by utilizing available technologies, including alternative means of filing, teleconferencing, email, and video conferencing.  Any Court rule, criminal or civil, that impedes a judge's or court clerk's ability to utilize available technologies to limit in-person contact is suspended for the duration of this order.

9.      If it becomes necessary to close a courthouse during the period of suspension, the court offices shall remain accessible by telephone and email to

14

the extent possible during their regular business hours. If available, drop boxes should be used for conventionally filed documents.

10. This order expressly does not prohibit court proceedings by telephone, video, teleconferencing, email, or other means that do not involve in-person contact. This order does not affect courts' consideration of matters that can be resolved without in-person proceedings.

11. Deadlines set forth in court rules, court orders, statutes, ordinances, administrative rules, administrative orders or otherwise that are set to expire between March 16 and April 6, 2020 are hereby extended to April 7, 2020. Statutes of limitations and statutes of repose that would otherwise expire during the period between March 16 and April 6, 2020 are hereby extended to April 7, 2020.

12. Deadlines, statutes of limitations, and statutes of repose that are not set to expire between March 16 and April 6, 2020 are not extended or tolled by this order.

13. Orders of protection and temporary injunctions that would otherwise expire between March 16 and April 6, 2020 are hereby extended to April 7, 2020.

14. This order is intended to be interpreted broadly for protection of the public from risks associated with COVID-19.

Issued: March 16, 2020

ATTEST: _____
Timothy A. Gudas, Clerk of Court
Supreme Court of New Hampshire



**Martha Ellen Mullen**
91 Mountain Road
East Concord, NH  03301
Tel: 603/223-7293  ♦  Email: mullenmartha7@gmail.com

DISTRICT OF NH
FILED

2020 MAR 17 P 6: 19

24 HOUR HISTORY

## Certifications

* B.A. Early childhood Education Certification
* M.Ed. General Special Education Certification K-12
*General Education Certification K-8
*Completed CAGS 2018, Educational Leadership, concentration in Research on Transformational Leadership Analysis

## Experience

**Long Term Substitute Teacher**          Local Area NH Schools                          2010 - present
- Work with staff and team members to improve grades and functional reading levels of students in school wide literacy and numeracy
  Completed CAGS 2018, pursuing Educational Leadership Doctoral Studies in Comparative Cultural Analysis of STEAM in historical perspectives/trends of school to work

**Literacy Teacher**                      Nashua High School                            2003 - 2010
- Work with a group size of 504 students, special education and ELL
- Responsible for testing and evaluation of students with reading/language disorders
- Work with a team for literacy improvement of whole school population
- Incorporated multiple approaches to school-wide literacy, utilizing background in
  o Direct Instruction Methodologies
  o Wilson Literacy Instruction
  o The Six Traits of Writing

**Special Education Teacher**             Tilton Public Schools                          2001 - 2002
- Classroom instruction, individual instruction
- Classroom management
- Management and evaluation of staff,
  o Management of resource staff and budgets
- Case manager, team leader
- Curriculum development
- Writing IEP's , Testing and evaluations
- Student Job Coaching

**EH/LD Teacher**                         Manchester, NH                                1998 - 2000
- Includes all responsibilities of the position above
- Responsibilities were extended to post graduate populations

**Consultant**                            New Hampshire Community Colleges              1995 - 1998
- College level instruction to students seeking NH certification in Special Education
- Conducted workshops and seminars
- Selected as a special education consultant to the NH Board of Education
- Provided Consultant Manual for Special Education Curriculum and Teaching in 21st Century Classroom as a resource guide to faculty
- Selected to attend Down's Syndrome Congress as teacher representative

## Education

| | | |
|---|---|---|
| **Rivier University** | CAGS, Educational Leadership | 2018 |
| **Notre Dame College** | Master of Education | 1994 |
| **Colby Sawyer College** | BA Early Childhood Education | |

## Interests

Special Education Law  ♦  Literacy  ♦  Educational Law

One Kent Street
Concord, New Hampshire 03301

To Whom It May Concern,



DISTRICT OF NH
FILED

It is with pleasure that I write this letter of recommendation for Martha E. Mullen. I have known Ms. Mullen since 1995 when I hired her as an adjunct professor to teach Early Childhood Education courses at the Lakes Region Community College in Laconia, NH. In my capacity as Chair of the Early Childhood Education and Human Services Programs, I was seeking to hire faculty capable of teaching according to the highest pedagogical standards, inspiring students to academic excellence, and helping to maintain in the community the excellent reputation that the Early Childhood Education Program had achieved since its establishment in 1992. In all three of these areas, Ms. Mullen succeeded admirably.

Ms. Mullen demonstrated a keen and continuing interest in pedagogy and was always ready to incorporate innovative strategies into her classroom instruction. While setting high academic performance standards, she was always available to meet with students individually and was extremely generous with her time and expertise. Ms. Mullen seemed to have a gift for finding what made her most challenging students "tick" and what instructional approach worked best for them.

Particularly impressive to me was that a number of students indicated on their evaluations of Ms. Mullen, that her interest in, and the energy she expended on, their academic success inspired them to choose education as a career. In other words, they wanted to be like Ms. Mullen.

I unhesitatingly recommend Martha E. Mullen for instructional positions, especially those working with students facing a variety of challenges to academic success.

If I can be of further assistance, you can contact me at (603) 568-2539 or at wwheeler2003@yahoo.com

Sincerely,

*William V Wheeler* 12/26/17

William V. Wheeler, M.A., MSW

# State of New Hampshire

## State Board of Education

DISTRICT OF NH
**FILED**
2020 MAR 17 P 6:19
24 HOUR DEPOSITORY

## Martha E. Mullen

Ed ID: 42836

### *Experienced Educator Certificate*

**Endorsements:**

General Special Education (1900)
Elementary Education (K-8) (1811)

Valid Dates: 12/04/2019 - 06/30/2022

Frank Edelblut, Commissioner
Department of Education

Michael Seidel, Division Director
Department of Education

This credential certifies that the person named above is authorized for employment in New Hampshire schools in accordance with RSA 186:11.X. The holder of this credential is responsible for being knowledgeable regarding current requirements for maintaining an active credential. Credential holders are subject to NH Code of Ethics and Code of Conduct requirements. Beginning Educators, Experienced Educators, Professional Educators, School Nurses, and Paraeducators have met all licensing requirements. Intern credential holders are completing a plan to meet all licensing requirements. Any alteration of this credential violates RSA 638. To verify current credential status:   https://www.education.nh.gov





New Hampshire
**Department of Education**