UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Martha Mullen

    v.                                                                                      Case No. 20-cv-347-PB

Edward J. Kissell

**REPORT AND RECOMMENDATION**

Plaintiff Martha Mullen, appearing pro se, has sued her ex-husband, Edward J. Kissell, seeking enforcement of decisions made in divorce and child custody proceedings in New Hampshire state court. See Complaint (Doc. No. 1).[1] The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1). For the reasons that follow, the district judge should dismiss this lawsuit.

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Mullen's which are filed in forma pauperis. See

---

[1] Mullen previously sued Kissell in this court seeking relief from rulings in the same state court proceedings. That case was dismissed for failure to state a federal claim for which relief may be granted. See Mullen v. Kissell, No. 19-cv-1292-SM (D.N.H. Feb. 19, 2020) (ECF No. 20), approving Report and Recommendation (D.N.H. Jan. 14, 2020) (ECF No. 14).

LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

The two-page complaint form is disorganized and difficult to follow.  But construing its scattershot allegations in plaintiff's favor, it appears that plaintiff is seeking to have the court enforce various provisions of her divorce decree related to parenting rights and responsibilities.  The complaint states that the (New Hampshire) "Supreme Ct. already affirmed lower Cts. Order of Family Therapist, Parenting Plan, Seeking

Overdue Implementation . . ." Complaint (Doc. No. 1) at 1. She further asserts that the New Hampshire Supreme Court's March 16, 2020, Order suspending in-person court proceedings in response to the COVID-19 pandemic, id. at 13 ¶4, entitles her to pursue her claim in federal court.

Two factors warrant dismissal of this case. First, plaintiff has failed to assert a basis for subject matter jurisdiction. She has claimed no violation of federal law, see 28 U.S.C. § 1331 (federal question jurisdiction), and the fact that she and the defendant are both New Hampshire residents forecloses diversity jurisdiction. See 28 U.S.C § 1332(a)(1) (diversity jurisdiction requires, inter alia, that the parties be citizens of different states).

Next, plaintiff's concern about access to the New Hampshire state court is overstated. The order she has attached to her complaint has a specific exception for child-related orders in divorce parenting cases. March 16, 2020 New Hampshire Supreme Court Order (Doc. No. 1 at 13) ¶ 4. In addition, all judges are authorized to conduct proceedings by telephone as needed. Id. ¶ 6. There is nothing in the order suggesting that adequate relief is unavailable in the state court.[2]

---

[2]The court also notes that New Hampshire "law is well settled that jurisdiction in divorce proceedings is a continuing one with respect to all subsequent proceedings which arise out

3

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint in its entirety for lack of subject matter jurisdiction, without prejudice to the plaintiff's ability to assert her claims in a state court of competent jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 26, 2020

cc:   Martha Mullen, pro se

---

\*428 of the original cause of action." Daine v. Daine, 951 A.2d 133, 135 (N.H. 2008) (citing Stritch v. Stritch, 106 213 A.2d 426, 429 (1965) (quotation omitted). After granting a divorce, the court retains jurisdiction to "revise and modify any order made by it, ... make such new orders as may be necessary, and . . . award costs as justice may require[.]" N.H. Rev. Stat. Ann. ch. 458:14.

4